**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN D. MIDDLETON,

        Petitioner,

v.                                  Case No. 3:24-cv-262-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

### I.    Status

Petitioner John D. Middleton, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for first-degree felony murder. He is serving a sentence of life imprisonment. Respondent filed a Response with exhibits, arguing that the Petition is untimely. Docs. 6, 7.[1] Petitioner filed a Reply. Doc. 9. This case is ripe for review.[2]

---

[1] The Court will cite exhibits by document and page number as assigned by the Court's electronic case management system.

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th

## II.    One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have

---

Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.   Analysis

In September 2007, Petitioner was charged with first-degree murder and armed robbery. Doc. 7-1. The State alleged that Petitioner robbed the victim in her apartment and killed her "by inflicting blunt trauma." Id. at 2. On January 7, 2008, Petitioner pleaded guilty to first-degree felony murder. Doc. 7-2. In exchange, the State agreed to a sentence of life imprisonment and indicated that it would "drop" the robbery count. Id. at 1. On the same day the plea was entered, the trial court adjudicated Petitioner guilty of first-degree felony murder and sentenced him to life imprisonment. Doc. 7-3.

Because Petitioner did not appeal, his conviction became final on February 6, 2008—the deadline to file a notice of appeal. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where a criminal defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires); Fla. R. App. P. 9.140(b)(3) (stating that a defendant must file a notice of appeal within 30 days following rendition

3

of a written order imposing sentence). The AEDPA limitation period began to run the next day.

The limitation period ran uninterrupted until it expired one year later, on February 6, 2009. Petitioner did not file any tolling motions before that date. Instead, in February and June 2023, he unsuccessfully sought postconviction relief in the Fourth Judicial Circuit Court and the Fifth District Court of Appeal. Doc. 7-4 at 2; Doc. 7-6 at 2. By that time, however, the federal limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Petitioner's § 2254 Petition—filed on March 12, 2024—is untimely by over fifteen years. Doc. 1 at 1.

Petitioner does not dispute these calculations. Instead, he appears to contend that he is entitled to equitable tolling because he "was not competent to enter any plea" and "remains incompetent." Doc. 1 at 19. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his § 2254 petition. Id. at 649 (internal quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary

4

circumstances and the late filing of the petition." <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 698, 701 (11th Cir. 2004); <u>see also</u> <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." <u>San Martin</u>, 633 F.3d at 1268.

"[M]ental impairment is not *per se* a reason to toll a statute of limitations." <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009). Instead, a petitioner "must establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005); <u>see also</u> <u>Hunter</u>, 587 F.3d at 1308 ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition.").

Petitioner fails to meet his burden. He claims that he "was not competent to enter any plea" and "remains incompetent." Doc. 1 at 19. Moreover, he

allegedly suffers from "extremely serious mental health issues." Id. at 11. But Petitioner nowhere identifies his alleged mental illnesses, and the state-court record contains no evidence of such issues. Doc. 1; Doc. 7. Indeed, neither the State nor defense counsel requested a competency evaluation in Petitioner's criminal case. State v. Middleton, No. 2007-CF-12535, Docket (Fla. 4th Jud. Cir. Ct.). Additionally, in his signed plea agreement, Petitioner acknowledged that he was "not under the influence of any substance, drug, or condition (physical, mental, or emotional), which interferes with my appreciation of the entire plea agreement into which I am entering and all consequences thereof." Doc. 7-2 at 2.

Because he presents no evidence to support his allegation of incompetence, Petitioner fails to meet his "burden of proving circumstances that justify the application of equitable tolling." San Martin, 633 F.3d at 1268; see also Foster v. Sec'y, Fla. Dep't of Corr., No. 3:19-cv-1090-BJD-MCR, 2022 WL 309405, at *4 (M.D. Fla. Feb. 2, 2022) ("Petitioner's failure to present evidence in support of his assertion of mental incapacity and his utter failure to show the causal connection between the alleged mental deficiency and the ability to timely file is deemed insufficient to satisfy the requirements for entitlement to equitable tolling."); Taylor v. Lightner, No. 14-cv-156-WS-N, 2015 WL 3407622, at *4 (S.D. Ala. May 27, 2015) (equitable tolling unwarranted where petitioner

6

alleged, without elaboration, that he was "incompeten[t] at trial and . . . still incompeten[t]").

Petitioner separately contends that he is "actually and factually innocent" of first-degree felony murder. Doc. 9 at 2. AEDPA's limitation period is subject to an actual-innocence exception. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But "[a]ctual innocence means factual innocence, not mere legal insufficiency." Johnson v. Fla. Dep't Of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008) (internal quotation marks omitted). Petitioner does not contend that he is innocent of all crimes related to the victim's death. Instead, he alleges that although he "intended to commit a robbery," he "NEVER intended for the victim to die and NEVER struck the victim." Doc. 1 at 13. Thus, according to Petitioner, "[t]he facts of the case support a charge of culpable negligence manslaughter" rather than first-degree felony murder. Id.

This argument lacks merit. The actual-innocence exception does not apply to a state prisoner "whose alleged 'actual innocence' of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1015 (11th Cir. 2012) (petitioner not entitled to actual-innocence exception where he "claim[ed] that he [was] actually innocent of second-degree murder and guilty of only manslaughter"). Simply put, Petitioner's "individual interest in reducing his [first]-degree murder conviction to a lesser included homicide conviction" does

7

not warrant application of the actual-innocence exception.[3] Id. at 1017; see also Davis v. Dep't of Corr., No. 8:15-cv-215-SDM-JSS, 2015 WL 7567281, at *2 (M.D. Fla. Nov. 25, 2015) ("[G]uilt of a lesser included offense defeats a claim of actual innocence.").

Because Petitioner fails to establish entitlement to either equitable tolling or the actual-innocence exception, this action must be dismissed as untimely.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

---

[3] Petitioner argues that his felony-murder conviction is unlawful because the State "dismissed the underlying felony" of armed robbery. Doc. 1 at 9. This argument cannot establish Petitioner's actual innocence. As noted above, actual innocence "means factual innocence, not mere legal insufficiency." Johnson, 513 F.3d at 1334. Regardless, Petitioner is wrong on the merits. Under Florida law, "the underlying felony need not actually be charged to support a felony-murder conviction." Rivera v. State, 717 So. 2d 477, 487 (Fla. 1998).

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

3.    The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-2
c:
John D. Middleton, #129867
Counsel of Record

---

[4] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.